**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANTIAGO MACIAS-PADILLA,
AKA Javier Sanchez,

                Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

                Respondent.

No. 15-71121

Agency No. A076-604-312
Board of Immigration Appeals

MEMORANDUM*

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted March 8, 2018**
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,*** District Judge.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Santiago Macias-Padilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (Board) denial of his application for withholding of removal and Convention Against Torture (CAT) protection. We have jurisdiction under 8 U.S.C. § 1252(a)(1). Reviewing the Board's findings for substantial evidence, we deny Macias-Padilla's petition for review. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009).

1. To qualify for withholding of removal, Macias-Padilla must establish a "clear probability" that his "life or freedom would be threatened" if he returned to Mexico because of his "race, religion, nationality, membership in a particular social group, or political opinion." *Ahmed v. Keisler*, 504 F.3d 1183, 1199 (9th Cir. 2007) (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987); and then 8 U.S.C. § 1231(b)(3)(A)). Eligibility for withholding of removal can be established by demonstrating past persecution, *see id.*, or by "demonstrat[ing] . . . a subjective fear of persecution in the future . . . that . . . is objectively reasonable." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Macias-Padilla contends he suffered past persecution, and fears future persecution, by the Caballeros Templarios cartel due to his membership in the Padilla family.

2. Substantial evidence supports the Board's finding that Macias-Padilla did not suffer past persecution. Although Macias-Padilla testified he was verbally

2

threatened once by a Caballeros Templarios cartel member in 2007, "[t]hreats standing alone . . . constitute past persecution in only a small category of cases . . . ." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Further, although "harm to a petitioner's close family members or associates may be relevant to assessing whether the petitioner suffered past persecution," *Tamang v. Holder*, 598 F.3d 1083, 1091–92 (9th Cir. 2010), the harm generally must be inflicted to send the petitioner a message, cause the petitioner emotional harm, or as part of a pattern of persecution closely tied to the petitioner. *See, e.g.*, *Sumolang v. Holder*, 723 F.3d 1080, 1084 (9th Cir. 2013); *Wakkary*, 558 F.3d at 1059–60; *Njuguna v. Ashcroft*, 374 F.3d 765, 770–72 (9th Cir. 2004). The incidents in this case, spread across six years, are not compelling evidence of a pattern of persecution, much less one closely tied to Macias-Padilla.

3.     The Board also reasonably determined Macias-Padilla failed to demonstrate a nexus between the Caballeros Templarios cartel's alleged persecution and a protected ground. Since the Board decided this case, we clarified in *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), that the withholding of removal statute only requires a protected ground be "a reason" for the alleged persecution. This is a less demanding standard than the "one central reason" standard applied in asylum cases. *Id.* But here, the IJ and Board clearly found there was *no* nexus between the cartel's actions and a protected ground. And substantial evidence

3

supports this finding.  Thus, remanding in light of *Barajas-Romero* would be an "idle and useless formality" as the outcome would be the same under either standard.  *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969); *see also Barajas-Romero*, 846 F.3d at 360.

Even assuming the Padilla family is a cognizable social group, Macias-Padilla has not shown that the family relationship itself was a reason the Caballeros Templarios cartel targeted his family members.  "[N]exus is not established simply because a particular social group of family members exists and the family members experience harm." *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (BIA 2017).  Instead, the record indicates the cartel was criminally motivated to obtain money.  Any inference of a nexus between the cartel's actions and the Padilla family relationship is undermined by the fact that other family members continue to reside in Mexico, and in the same region, without any known issues with the cartel.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).  Considering the totality of the record, the Board reasonably concluded Macias-Padilla's claim amounts to a generalized fear of crime and violence in Mexico.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals

4

motivated by theft or random violence by gang members bears no nexus to a protected ground.").

4. Finally, to be entitled to CAT protection, an applicant must show it is "more likely than not" that he will be tortured in Mexico "with the consent or acquiescence" of the government. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Macias-Padilla argues he is entitled to CAT protection because the police were "unwilling to believe" the cartel threatened him and his uncle in 2007. But this one unsatisfactory experience is not compelling evidence that the government would more likely than not acquiesce in his future torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").

**PETITION DENIED.**